E-FILED
Tuesday, 24 February, 2015 09:04:57 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MILSAP, <br>     Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | 14-CV-3376 |
| Dr. BAKER, <br>     Defendants. | ) <br> ) <br> ) | |

### MERIT REVIEW OPINION

Sue E. Myerscough, U.S. District Judge.

The case is is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

### ALLEGATIONS

The Plaintiff, a pro se prisoner, claims Defendants Dr. Baker, Nurse Practioner Jane Doe, Warden Jeff Korte and Grievance Counselor Tara Goins violated his constitutional rights at Western

Illinois Correctional Center when they denied him adequate medical care. The Plaintiff says he has a long history of body pain and weakness and has repeatedly asked for an M.R.I, but his requests were denied. The Plaintiff says he has received Tylenol for pain, but the Tylenol does not help.

The Plaintiff has provided a copy of his March 16, 2014 grievance concerning his medical care which clarifies his claims. The Plaintiff claims he suffers with "sharp and horrendous pain in my lower back, hips and legs" which has sent him "falling to the ground." (Comp., p. 9-10). Grievance Counselor Goins referred the Plaintiff's complaints to Dr. Baker for a response. The doctor noted the Plaintiff was recently seen in the Health Care Unit on February 13, 2014; February 21, 2014; March 7, 2014; and March 20, 2014. A bilateral x-ray revealed the cause of the Plaintiff's left shoulder pain was an extra joint in his left shoulder which is a "kind of birth defect." (Comp, p. 14). The Plaintiff claimed his pain medication did not help, so a new medication was prescribed. Dr. Baker says the examination of Plaintiff's complaint of left sided weakness in March of 2014 did not show a significant difference from when the Plaintiff was examined in June and August of 2013; in June of 2011; "nor

even from the June 2005 exam by the neurosurgeon." (Comp., p. 14). Dr. Baker states he has informed the Plaintiff that he does "not believe surgery will help these chronic pain/weakness issues." (Comp., p. 14).

**ANALYSIS**

The Plaintiff is alleging that the Defendants have violated his Eighth Amendment rights based on deliberate indifferent to a serious medical condition. To establish a constitutional violation, the Plaintiff must pass a two prong test. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The Plaintiff must demonstrate the alleged deprivation was sufficiently serious and the Defendants acted with deliberate indifference. *Farmer v Brennan,* 511 U.S. 825, 828, 834 (1994). *Farmer*, 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman,* 120 F.3d 88, 91 (7th Cir. 1997) (*citing Farmer* at 840-42).

Applying this standard to medical professionals, the Seventh Circuit has stated that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent

professional would have so responded under those circumstances." *Sain v Wood*, 512 F.3d 886, 894-95(7th Cir. 2008) *quoting Collignon v Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain*, 512 F.3d at 895 (7th Cir.2008)(*internal citations omitted*).

Consequently, the Eighth Amendment is not a vehicle for bringing claims of medical malpractice. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient. *See Snipes*, 95 F.3d at 592. However, a successful plaintiff need not "show that he was literally ignored" in his demands for medical treatment, and a defendant's showing that a plaintiff received " some " treatment does not resolve the issue conclusively if the treatment was "blatantly inappropriate." *Greeno v Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005).

Based upon the Plaintiff's complaint, it is very possible he simply disagrees with the treatment he has been provided. The Plaintiff has repeatedly seen medical personnel who have declined to approve an MRI or surgery, but have provided painkillers. However, the court cannot credit the statements of Dr. Baker in response to the Plaintiff's grievance and ignore the Plaintiff's claims that he suffers with excruciating pain and can "hardly walk." (Comp., p. 12). Therefore, the Plaintiff has articulated an Eighth Amendment claim based on the limited requirements of notice pleading against Dr. Baker. However, the Plaintiff has not articulated how the unknown Nurse Practioner, the Warden or Grievance Officer Goins responsible for his claims. The Plaintiff does not allege any of these individuals have prevented him from receiving medical care and admits he is seen frequently in the Health Care Unit. The Plaintiff's only specific allegation against the Nurse Practioner is his allegation that he has been charged a $5 co-payment for his visits, but this does not state a constitutional violation. s*ee Poole v Isaacs*, 703 F.3d 1024, 1027(7th Cir. 2012)("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution.") The remaining, non-

medical Defendants must rely on the Plaintiff's doctor for treatment decisions. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir.2006)( "We do not think [a prison official's] failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference.") *Anderson v. Randle,* 451 Fed.Appx. 570, 572 (7th Cir. 2011)(prison administrators had no duty to second-guess the treatment prescribed by plaintiff's doctors, and allegations demonstrated plaintiff was receiving treatment although not the surgical treatment he preferred). Therefore, the Plaintiff may proceed only with his claim that Dr. Baker violated his Eighth Amendment rights when he was deliberately indifferent to the Plaintiff's serious medical condition.

The Plaintiff has also filed a motion for appointment of counsel.[3]. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The

Plaintiff has not provided any evidence that he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [3]

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges Dr. Baker was deliberately indifferent to the Plaintiff's claims of body pain and weakness. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Plaintiff's motion for appointment of counsel is denied with leave to renew. [3] Plaintiff's motion for a merit review order is denied as moot. [6].**

ENTETERED: February 24, 2015

FOR THE COURT:        s/Sue E. Myerscough
                                                  _____
                                                  SUE E. MYERSCOUGH
                                                  UNITED STATES DISTRICT JUDGE